## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| QUANTRUS TERRELL GREEN | CIVIL ACTION NO. 05-1602-M |
| VS. | SECTION P |
| CURTIS POWELL, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed on September 7, 2005, by the above named *pro se* plaintiff. At the time of his filing, plaintiff was an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC); he was incarcerated at the Union Parish Detention Center (UPDC), Farmerville, Louisiana; however, he complained of conditions of confinement at the Caldwell Correctional Center (CCC), Graydon, Louisiana.

## STATEMENT OF THE CASE

Plaintiff filed his complaint on September 7, 2005. [doc. 1] He asked for leave to proceed *in forma pauperis* [doc. 2] and on September 30, 2005, his request was granted. [doc. 3] On February 7, 2006, plaintiff was ordered to amend his complaint to cure various deficiencies. [doc. 4] On February 16, 2006, that order was returned to the court undelivered with the notation that plaintiff was no longer at the UPDC. [doc. 5] On April 10, 2006, the undersigned authored a Report recommending dismissal of plaintiff's claims pursuant to FRCP Rule 41 and Local Rule (LR) 41.3 because petitioner had failed to keep the court apprised of his whereabouts. [doc. 6] That Report and Recommendation were likewise returned as undeliverable on April 17, 2006.

1

[doc. 7] On May 2, 2006, plaintiff advised that he had been transferred to the Caldwell Correctional Center (CCC) in Graydon, Louisiana. Plaintiff also alleged that he was in danger and feared retaliation by the prison staff at CCC. [doc. 8] On May 3, 2006, the undersigned issued an order directing plaintiff to amend his complaint to provide additional information. [doc. 10] On the following day, the Report and Recommendation [doc. 6] was withdrawn. On May 10, 2006, the amend order was returned as undeliverable with a notation that plaintiff had been transferred to St. Martin Parish. [doc. 11 and doc. 12] On July 17, 2006, the LDOC Inmate Locator Services advised that plaintiff was released from physical custody and placed on probation on June 14, 2006.[1]

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[]... *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the Memorandum Order of May 3, 2006, was returned with the notation that plaintiff was

---

[1] See http://www.corrections.state.la.us/inmate_locator_requests.htm

transferred to St. Martin Parish; more than thirty days have also elapsed since plaintiff was released on probation. Nevertheless, plaintiff has not informed the court of his whereabouts.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 18th day of July, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE